

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA



## SUPERSEDING INDICTMENT FOR CONSPIRACY TO DISTRIBUTE A CONTROLLED SUBSTANCE, DISTRIBUTION OF A CONTROLLED SUBSTANCE, TAMPERING WITH A WITNESS AND OBSTRUCTION OF AN OFFICIAL PROCEEDING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO: 14-284 |
| v. | * | SECTION: "H" |
| BRANDON LICCIARDI<br>DARREN SHARPER | *<br>*<br>*<br>* * * | VIOLATIONS: 18 U.S.C. § 1512(b)(2)(A)<br>18 U.S.C. § 1512(c)(2)<br>18 U.S.C. § 2<br>21 U.S.C. § 846<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. 841(b)(1)(E)(2)<br>21 U.S.C. § 841(b)(1)(E)(7)(B) |

**The Grand Jury Charges That**:

### COUNT ONE

In or about December 2013, in the Eastern District of Louisiana, the defendant, **BRANDON LICCIARDI**, did knowingly attempt to corruptly persuade a witness by requesting her to not provide law enforcement officials with certain information concerning his involvement with the target of an investigation with the intent to cause and induce that witness to withhold testimony from an official proceeding, that is a federal grand jury, in violation of Title 18, United States Code, Section 1512(b)(2)(A).

## COUNT TWO

On or near March 4, 2014, in the Eastern District of Louisiana, the defendant, **BRANDON LICCIARDI**, did knowingly attempt to corruptly persuade a witness by requesting her to not provide law enforcement officials with certain information concerning his involvement with the target of an investigation with the intent to cause and induce that witness to withhold testimony from an official proceeding, that is, a federal grand jury, in violation of Title 18, United States Code, Section 1512(b)(2)(A).

## COUNT THREE

Between on or about October 29, 2013 and April 1, 2014, in the Eastern District of Louisiana, the defendant, **BRANDON LICCIARDI**, did corruptly attempt to obstruct, influence, and impede an official proceeding, that is, a federal grand jury, by purposely failing to provide relevant information and by providing false information during statements he made to the New Orleans Police Department and the Orleans Parish District Attorney's Office, in violation of Title 18, United States Code, Section 1512(c)(2).

## COUNT FOUR

From at least January 2010 up to and including May 1, 2014, said dates being approximate, in the Eastern District of Louisiana and elsewhere, the defendants, **BRANDON LICCIARDI** and **DARREN SHARPER**, did knowingly and intentionally combine, conspire, confederate and agree with each other and others, both known and unknown to the Grand Jury, to distribute Alprazolam, Diazepam and Zolpidem, Schedule IV controlled substances, with the intent to commit a crime of violence, that is, rape, contrary to the provisions of Title 21, United States Code, Sections

841(a)(1), (b)(1) )(E)(2)and (b)(1)(E)(7)(B); all in violation of Title 21, United States Code, Section 846.

## COUNT FIVE

On or about February 2, 2013, in the Eastern District of Louisiana, the defendants, **BRANDON LICCIARDI** and **DARREN SHARPER**, aiding and abetting each other, did knowingly and intentionally distribute Alprazolam and Diazepam, a Schedule IV controlled substances with the intent to commit a crime of violence, that is rape, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(E)(2), (b)(1)(E)(7)(B) and Title 18, United States Code, Section 2.

## COUNT SIX

On or about September 23, 2013, in the Eastern District of Louisiana, the defendants, **BRANDON LICCIARDI and DARREN SHARPER,** aiding and abetting each other and others, did knowingly and intentionally distribute Zolpidem, a Schedule IV controlled substance, with the intent to commit a crime of violence, that is rape, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(E)(2), (b)(1)(E)(7)(B) and Title 18, United States Code, Section 2.

## NOTICE OF WITNESS TAMPERING FORFEITURE

1. The allegations of Counts One through Three of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 1512 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

2. As a result of the offenses alleged in Counts One through Three, the defendant, **BRANDON LICCIARDI**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1512, including but not limited to:

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 1512 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

## NOTICE OF DRUG FORFEITURE

1. The allegations of Counts Four through Six of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

2. As a result of the offenses alleged in Counts Four through Six, the defendants, **BRANDON LICCIARDI and DARREN SHARPER,** shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the said violations, and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Counts Four through Six of this Superseding Indictment.

3. If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any acts or omissions of the defendants, **BRANDON LICCIARDI** and **DARREN SHARPER**:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.



KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

MARK A. MILLER
Assistant United States Attorney
Missouri Bar Roll No. 30488

MICHAEL E. McMAHON
Assistant United States Attorney
Louisiana Bar Roll No. 10095

New Orleans, Louisiana
April 3, 2015

FORM OBD-34

No. 14-284 "H"

# UNITED STATES DISTRICT COURT

Eastern *District of* Louisiana

Criminal *Division*

## THE UNITED STATES OF AMERICA

vs.

**BRANDON LICCIARDI**
**DARREN SHARPER**

## SUPERSEDING INDICTMENT

FOR

CONSPIRACY TO DISTRIBUTE A CONTROLLED SUBSTANCE, DISTRIBUTION OF A CONTROLLED SUBSTANCE, TAMPERING WITH A WITNESS AND OBSTRUCTION OF AN OFFICIAL PROCEEDING

VIOLATIONS: 18 U.S.C. § 1512(b)(2)(A); 18 U.S.C. § 1512(c)(2); 18 U.S.C. § 2; 21 U.S.C.§ 846; 21 U.S.C. § 841(a)(1); 21 U.S.C.§ 841(b)(1)(E)(2); and 21 U.S.C. § 841(b)(1)(E)(7)(B)

*Filed in open court this* _____ *day of* _____ A.D. 2015.

_____
*Clerk*

Bail, $ _____

_____
Assistant United States Attorney  MARK A. MILLER