UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 14-284 |
| BRANDON LICCIARDI | SECTION: "H"(4) |

### ORDER AND REASONS

Before the Court are Defendant Brandon Licciardi's Motion to Dismiss All Counts of the Indictment on Double Jeopardy Grounds (Doc. 204) and Motion for Judicial Referral to the Department of Justice (Doc. 203). Defendant Erik Nunez joins in the arguments asserted in these Motions.[1] For the following reasons, the Motions are **DENIED**.

---

[1] See Doc. 231, wherein the Court granted Mr. Nunez's request to adopt the foregoing Motions with regard to the indictment's allegations against him.

1

## BACKGROUND

On October 22, 2015 the Grand Jury returned a six-count Third Superseding Indictment charging Defendants Brandon Licciardi and Erik Nunez with various criminal violations.[2] Counts One and Two of this indictment charge Mr. Licciardi with witness tampering in violation of 18 U.S.C. § 1512(b)(2)(A).[3] Count Three charges Mr. Nunez with witness tampering in violation 18 U.S.C. § 1512(c)(1).[4] Count Four charges both Mr. Licciardi and Mr. Nunez with conspiracy to distribute Schedule I and Schedule IV drug controlled substance with the intent to commit rape.[5] Counts Five and Six charge Mr. Licciardi with distribution of Schedule I and Schedule IV drug controlled substances with the intent to commit rape.[6] Defendants filed the instant motions seeking dismissal of this case. The Government opposes.

## LAW AND ANALYSIS

Defendants seek dismissal of the entirety of the indictment based on the double jeopardy clause of the Fifth Amendment to the Constitution.[7] Relatedly, they ask the Court to refer this prosecution to the Department of Justice for violation of the department's internal *Petite* policy, which regulates

---

[2] Doc. 168.
[3] Doc. 168
[4] Doc. 168
[5] Doc. 168
[6] Doc. 168
[7] Doc. 204.

federal prosecutions following a prior state or federal prosecution based on substantially the same acts or transactions.[8]

Defendants ask the Court to dismiss this prosecution on double jeopardy grounds because it is based on the same operative facts as a parallel state prosecution. Defendants acknowledge, however, that to do so the Court must necessarily overturn longstanding jurisprudence concerning the separate sovereignties doctrine. The Supreme Court has long held that a Defendant's conduct in violation of the law of two separate sovereigns constitutes two distinct offenses for the purposes of the double jeopardy clause.[9] "When a defendant in a single act violate the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct offenses."[10] Accordingly, double jeopardy protections are not implicated in this case. Defendants candidly admit that they are without authority to support the reversal of this longstanding doctrine. Though the Court appreciates Defendants' arguments, it declines to upend longstanding doctrine without any authority from a higher court.

The Court likewise declines to judicially refer this matter to the Department of Justice for a violation of the *Petite* Policy. The parties agree that this policy does not implicate the Constitution and confers no substantive

---

[8] Doc. 203.

[9] *See, e.g., Robertson v. U.S. ex rel. Watson,* 560 U.S. 272 (2010); *U.S. v. Lara*, 541 U.S. 193 (2004); *Koon v. U.S.*, 518 U.S. 81 (1996); *Heath v. Alabama*, 474 U.S. 82 (1985); *Waller v. Florida*, 397 U.S. 387 (1970); *U.S. v. Lanza,* 260 U.S. 377 (1922); *Grafton v. U.S.*, 206 U.S. 333 (1907); *Moore v. People of State of Illinois*, 55 U.S. 13, 20 (1852).

[10] Heath v. US, 474 U.S. 82, 88 (1985).

rights on a defendant. It is an internal policy meant to guide the exercise of prosecutorial discretion. Accordingly, there is no basis for this Court's involvement in the administration of the policy.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss All Counts of the Indictment on Double Jeopardy Grounds (Doc. 204) and Motion for Judicial Referral to the Department of Justice (Doc. 203) are **DENIED**.

New Orleans, Louisiana this 7th day of March, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**