UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 14-284** |
| **DARREN SHARPER** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant Darren Sharper's Motion for Sentence Reduction of Sentence (Doc. 572). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

On May 29, 2015, Defendant Darren Sharper pleaded guilty to two counts of distributing controlled substances with the intent to commit rape and one count of conspiring to do so. The Court sentenced Defendant to 220 months in prison. Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. The Government opposes.

### LAW AND ANALYSIS

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in

1

18 U.S.C. § 3582."[1] Defendant seeks relief under 18 U.S.C. § 3582(c)(2) based on Amendment 821. The United States Sentencing Commission has allowed Amendment 821 to be applied retroactively, permitting defendants to receive sentencing reductions through 18 U.S.C. § 3582(c)(2).[2]

Under Amendment 821, a defendant may receive a 2-point reduction to his offense level if he meets all of the following criteria outlined in U.S.S.G. § 4C1.1:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

The Government argues that Defendant does not qualify under Amendment 821 because his offense resulted in serious bodily injury. The

---

[1] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).
[2] United States v. Anderson, No. 23-60271, 2024 WL 492408, at *1 (5th Cir. 2024).

Government points out that the sentencing guidelines specifically deem "serious bodily injury" to occur as a result of sex abuse offenses. Indeed, U.S.S.G. § 1B1.1 provides that:

> "Serious bodily injury" means injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation. *In addition, "serious bodily injury" is deemed to have occurred if the offense involved conduct constituting criminal sexual abuse under 18 U.S.C. § 2241 or § 2242 or any similar offense under state law.[3]*

Section 2241 describes aggravated sexual abuse to include knowingly administering a drug to another person without their knowledge or permission that "substantially impairs the ability of that other person to appraise or control conduct; and engag[ing] in a sexual act with that other person." In his factual basis, Defendant admitted to exactly this sort of criminal conduct. Specifically, the factual basis provides that Defendant gave at least two victims Ambien and/or MDMA without their knowledge and had sexual intercourse with them while they were incapacitated.[4] Accordingly, Defendant's criminal conduct fits squarely within the "conduct constituting criminal sexual abuse under 18 U.S.C. § 2241," and the sentencing guidelines expressly deem such conduct to result in "serious bodily injury." Accordingly, because Defendant's offense resulted in "serious bodily injury," Defendant does not meet all of the requirements for a reduction of sentence pursuant to Amendment 821. His Motion is denied.

---

[3] U.S.S.G. § 1B1.1 (cmt. M).
[4] Doc. 84.

## **CONCLUSION**

For the foregoing reasons, the Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 12th day of August, 2025.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**